## UNITED STATES DISTRICT COURT
### DISTRICT OF MAINE

| | | |
|---|---|---|
| HEATHER S., | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | No. 1:18-cv-00178-JAW |
| | ) | |
| NANCY A. BERRYHILL, | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant | ) | |

### RECOMMENDED DISMISSAL

Because the plaintiff, proceeding *pro se*, has failed to comply with two court orders requiring her to file her itemized statement of specific errors and fact sheet, as mandated by Local Rule 16.3(a)(2), I recommend that the court dismiss this action without prejudice for the plaintiff's failure to prosecute her case.

### I.  Background

On May 2, 2018, the plaintiff filed her complaint in this action, appealing from a denial of Social Security benefits.  *See* ECF No. 1.  That same day, court staff processed the plaintiff's ECF Registration Form for Pro Se Filers, which provides for electronic service.  Docket metadata indicates that the plaintiff began receiving notification of filings *via* her personal email address on May 3, 2018.

The defendant filed her answer and the administrative record on July 6, 2018.  That same day, a Procedural Order and Amended Procedural Order issued, which set the deadline for the plaintiff's filing of her itemized statement of specific errors and fact sheet as 30 days after the

answer and transcript were filed, or, as noted on the docket, August 6, 2018.[1]  Docket metadata

indicates that the plaintiff received electronic notice of the orders.  The plaintiff did not file either

her itemized statement of specific errors or the fact sheet by August 6, 2018.

On August 7, 2018, I issued an Order To Show Cause, directing that the plaintiff "show

good cause in writing, no later than August 21, 2018, why this action should not be dismissed for

failure to prosecute, in light of [her] failure to timely file the itemized statement of errors and fact

sheet."  ECF No. 16.  Docket metadata, again, indicates that the plaintiff received electronic notice

of this order.  The plaintiff did not show good cause by August 21, 2018, why this action should

not be dismissed for failure to prosecute; nor has she done so since that deadline elapsed.

## II.  Discussion

"A district court's inherent powers to sanction parties for litigation abuses include the

power to act *sua sponte* to dismiss a suit for failure to prosecute."  *Diaz-Santos v. Dep't of Educ.*

*of Commonwealth of P.R.*, 108 Fed. Appx. 638, 640 (1st Cir. 2004).  In addition, Federal Rule of

Civil Procedure 41(b) provides, "If the plaintiff fails to prosecute or to comply with these rules or

a court order, a defendant may move to dismiss the action or any claim against it."  Fed. R. Civ.

P. 41(b).  "Although Rule 41(b) refers only to dismissal on a motion made by a defendant, district

courts may also *sua sponte* dismiss a complaint under Rule 41(b) for failure to comply with a court

order."  *Unitronics (1989) (R"G) Ltd. v. Gharb*, 85 F. Supp.3d 118, 126 (D.D.C. 2015).

The plaintiff's failure to show cause in writing why her case should not be dismissed

warrants the dismissal of her action.  *See, e.g., United States v. Edmunds*, Case No. 15-cv-2705

(JRT/TNL), 2016 WL 7670605, at *5 (D. Minn. Dec. 6, 2016) (rec. dec., *aff'd* Jan. 10, 2017)

("[W]hile pro se litigants are accorded a certain degree of latitude, Defendant's pro se status does

---

[1] The Amended Procedural Order was identical to the Procedural Order, except that it changed the anticipated oral argument date from September to December 2018.

not excuse him from complying with this Court's orders as well as the Federal Rules of Civil

Procedure and the Court's Local Rules.").

Although dismissal is appropriate, a separate issue remains as to whether the dismissal

should be with prejudice. Unless the court directs otherwise, a dismissal for failure to prosecute

"operates as an adjudication on the merits." Fed. R. Civ. P. 41(b). As a general rule, however,

dismissal of an action with prejudice is a sanction reserved for the most extreme misconduct. *See,*

*e.g.*, *Vázquez-Rijos v. Anhang*, 654 F.3d 122, 127-28 (1st Cir. 2011). For example, "[d]ismissal

with prejudice for failure to prosecute is appropriate in the face of extremely protracted inaction

(measured in years), disobedience of court orders, ignorance of warnings, contumacious conduct,

or some other aggravating circumstance." *Pomales v. Celulares Telefónica, Inc.*, 342 F.3d 44, 48

(1st Cir. 2003) (citations and internal quotation marks omitted). "[W]here the case is close, courts

should prefer less severe sanctions that preserve the possibility of disposition on the merits." *Id*.

In this case, the plaintiff failed to comply with this court's Amended Procedural Order of

July 6, 2018, my Order To Show Cause of August 7, 2018, and the court's local rules. This failure

arguably warrants dismissal with prejudice. However, given her *pro se* status, and erring on the

side of caution, I recommend that the case be **DISMISSED** without prejudice.

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which <u>de novo</u> review by the district court is sought, together with a supporting memorandum,*

*within fourteen (14) days after being served with a copy thereof.  A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to <u>de novo</u> review by the district court and to appeal the district court's order.*

Dated this 3rd day of October, 2018.

<u>/s/ John H. Rich III</u>
John H. Rich III
United States Magistrate Judge